**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THOMAS EDWARD PETRONGLO, | : | |
| | : | |
| Petitioner, | : | Civ. No. 23-23328 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION & ORDER** |
| | : | |
| Respondent. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, Thomas Edward Petronglo ("Petitioner" or "Petronglo"), is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding pro se with an amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 5). Respondent filed its response in opposition to Petitioner's amended § 2255 motion on March 27, 2024. (*See* ECF 15). The time for Petitioner to file a reply brief in support of his § 2255 motion is not set to expire until May 2024.

Presently pending before this Court are two motions filed by Petitioner. First, Petitioner seeks to be released on bail while his amended § 2255 motion is pending. (*See* ECF 9). Second, Petitioner seeks to supplement his amended § 2255 motion. (*See* ECF 13). For the following reasons, Petitioner's motion to supplement will be granted and his motion to bail will be denied.

In 2023, Petitioner pled guilty to one count of knowingly possessing a destructive device in violation of 26 U.S.C. §§ 5681, 5871 and one count of knowingly storing explosive materials contrary to regulations promulgated by the United States Attorney General in violation of 18 U.S.C. §§ 842(j) and 844(b). Petitioner received a sentence of twenty-four (24) months

imprisonment. He is due to be released on April 25, 2025. *See https://www.bop.gov/inmateloc/* (last visited on April 4, 2024). Petitioner did not file a direct appeal.

Petitioner initiated this action and is proceeding with an amended § 2255 motion. Petitioner raises several claims in his amended § 2255 motion; they are as follows:

1. Counsel was ineffective when he called Petitioner an "abomination" three times during sentencing;

2. Counsel was ineffective when he told the Court that "some people need to be in prison, maybe . . . Petronglo is one of them";

3. Counsel was ineffective by failing to discuss Petitioner's psychiatric conditions and the reasons Petitioner violated a restraining order towards his girlfriend;

4. Counsel improperly took a truckful of farm goods/produce from Petitioner's farm as "in-kind" compensation; and

5. Counsel was ineffective for failing to file a notice of appeal.

Recently, and prior to Respondent filing its response, Petitioner filed a motion to supplement his amended § 2255 motion. (*See* ECF 13). Petitioner's motion to supplement essentially adds additional facts to Petitioner's claim regarding counsel's purported ineffectiveness for taking farm goods/produce from Petitioner's farm. This motion will be granted.

Petitioner also seeks to be released on bail pending the outcome of his amended § 2255 motion. (*See* ECF 9). He claims that he is not being properly treated while at F.C.I. Fort Dix for a wound to his foot and that his lungs, which caused him to be in a two-month long coma prior to his incarceration, are causing him health difficulties and are also not being properly treated. Furthermore, Petitioner states he has no children which has caused his cats to become neglected while he is incarcerated. Petitioner also alludes to the large size of his farm and that his absence

from his farm has resulted in "a large hole" in its overall operation in Vineland, New Jersey. Respondent opposes Petitioner's request for bail pending the outcome of his amended § 2255 motion. (*See* ECF 10).

"[B]ail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *see also Pelullo v. United States*, 487 F. App'x 1, 3 (3d Cir. 2012). In *Landano*, the Third Circuit observed that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Id.* The court cited two cases that presented extraordinary circumstances: the first involved a petitioner who was an advanced diabetic and in poor health. *See Johnson v. Marsh*, 227 F.2d 528, 529 (3d Cir. 1955); the second concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided. *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

Initially, this matter may not yet be fully briefed as Petitioner has not yet filed a reply brief (should he elect to file one). This Court is not yet prepared to say that Petitioner has shown a high probability of success on his claims. Indeed, Respondent recently filed its opposition to Petitioner's claims which includes a declaration from Petitioner's former counsel that refutes many of the arguments Petitioner raises in his amended § 2255 motion.

Additionally, as noted above, the Third Circuit has noted that there are very few cases that warrant a finding of extraordinary circumstances. *See Landano*, 970 F.2d at 1239. Petitioner

is not slated to be released from Federal Bureau of Prisons' ("BOP") custody for at least another year. This period is far greater than the shorter sentences (120-days referenced above) that have been previously been found to constitute an extraordinary circumstance to grant bail in collateral proceedings challenging a conviction.

Furthermore, while Petitioner alludes to certain medical conditions such as the failure to treat a wound for his foot and his lungs, relief would most likely be more appropriately sought through the BOP's administrative grievance process. If Plaintiff continues to not be satisfied, he can then presumably file a civil complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) alleging that federal officials have been deliberately indifferent to his serious medical needs.

Finally, while this Court is sympathetic to the plight of Petitioner's cats and his farm, the fact that Petitioner has no children to care for his cats or his farm does not constitute an extraordinary circumstance. Indeed, Petitioner fails to state with any particularity whether all other family members and/or friends cannot help him in these endeavors. *Cf. Karabatak v. United States*, No. 22-6702, 2023 WL 2759073, at *2 (D.N.J. Apr. 3, 2023) (denying motion for bail pending decision in § 2255 motion where Petitioner failed to show that there are no other family members or friends that can help loved ones in Turkey after an earthquake befell that country).  In fact, Petitioner readily admits his farm employees 150 people. Thus, as Petitioner has neither shown a high probability off success at this stage of the proceedings and/or extraordinary circumstances, Petitioner's motion for bail will be denied.

Accordingly, IT IS on this 4th day of April, 2024,

ORDERED that Petitioner's motion to supplement (ECF 13) is granted; and it is further

ORDERED that Petitioner's motion for bail pending a result in his amended § 2255

motion (ECF 9) is denied; and it is further

ORDERED that the Clerk shall serve this memorandum opinion and order on Petitioner

by regular U.S. mail.


s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge